2013-1350 Facebook v. Pragmatus The only issue is what the proper definition of addressing information is. Here, both the PTAB and the examiner below erred in applying too narrow a definition to the phrase addressing information. They said that addressing information had to include or had to describe a physical location. Can I just start with something? There's a big point made about the words that follow addressing information, and I know in the claim it says addressing information of a device, which isn't quite English, right? Because you can have an address of a device, but information of was not quite right. Correct. How do you translate that, first of all, into a regular expression? How I would translate it into a regular, more grammatically correct expression would be addressing information for the second device. What we're talking about is a thing that's addressing information, and that's information that allows you to route the data, that allows you to send it to the proper person. What the second part of the phrase of the first communication device used by the first user to log in tells us where it needs to go. Where does the addressing information need to go? And we know that if we look at the claim as a whole, which I think is very important here. If we look down the rest of the claim to see how that addressing information is utilized, what we see in the element that begins in response to the first user selecting the identifier of the second user, and if the second user is logged in, here we see using the addressing information of the second communication device to allow communication between the first and second user. So all the addressing information has to do is allow communication between the first device and the second device. It doesn't care physically where those devices are located. It cares how to make sure that information can pass between those two people. And the specification clearly tells us that that addressing information needs to be able to be broad enough to be both logical and or physical information. But even if that's true, your proposal would read out of this claim the language that says of the first communication device, of the second communication device. No, it absolutely would not. What our definition does is our definition says that it's information that the system uses to send data, and then here's the important part, to the computer used by the user to log in. And that is of the first communication device used by the first user to log in. So the definition of addressing information that's important is that it's information that the system uses to send data, and then the part that matters is what the rest of the claim says. I would submit that exactly the opposite is true. In fact, it is the patentee here who is trying to read out the remaining language by simply saying that it's a physical location. They're ignoring that it's all about the communication device that's being used to log in. So the addressing information has to be broad enough to encompass logical and physical. Which addressing information? The one for the device that's used to log in. And if we look at the specification, we see very clearly that it has to include, addressing information has to be read broadly enough to include both physical and logical devices. Well, but the words addressing information used in the spec are never used with regard to the device. They're only used with regard to the user. There's two different things, right? The service record stores user information and device information. And the words addressing information in the spec are never used with regard to the device, except ultimately in the claim. They're only linked to the user. So when it gives examples of what would constitute addressing information, it is clearly addressing information of the user, i.e., e-mail, phone number, et cetera. But I disagree that that's how it's using it. Show me in the spec where it uses the words address information linked to the device as opposed to the user. I believe that the e-mail address. I don't want to know what you believe. I want you to show me in the spec. In the specification at column 19, as we've already described in our briefing, exactly what Your Honor was just pointing out, the notion that address information, e-mail address, fax number, et cetera, that's an example of address information that is stored in the directory service. If we look back... It says address information for the selected participant. Which is how the information gets to the computer that was used by that participant to log on. No, e-mail address wouldn't do that, right? But an e-mail address would do that, Your Honor. I apologize for interrupting. It's not unique to the device that's logged on. It's unique to the user and could be accessed from any computer. But the point of the pattern is that it enables you to access information no matter where you are. It's routing the information to the person who is logged in at that device, not to that device. It's specific to the individual. You're supposed to be able to have a chat. The whole point of this pattern was to facilitate chat. And not just chat. The actual part where the examiner down below had said was patentable was the idea of having a chat where a third person entered. All of which the PTAB and the examiner found in the prior art. And so here, that's all we're talking about, is making sure that the information is routed to the individuals who are participating. And the way you do that is you make sure that it gets to the device that they're logged in at. And so it's the addressing information that gets it to that device, which can include an email address. Because that email address is then used by the system to send that information to that user. So why wouldn't it say the addressing information of the individual rather than of the device? Because herein, it's essentially the same thing. What you're saying is you want to make sure that it gets to the computer that the user is logged in at, regardless of where that person is. For example, it cares where the user is currently logged in, but not physically where that person is sitting. For example, an IP address for my computer right now. If I were to log in right now and show my IP address, it says I'm sitting in Colorado. Well, I'm not sitting in Colorado. That's where the server is that then has to further direct the information to get it to my computer. So the addressing information is any part of the information that eventually gets the information to my computer. Just like the prior art here in Voan Licty. But that can't quite be right. Because, for example, the area code, to use the telephone analogy, is some part of the information, but that by itself won't allow the communication. That's correct. It's only some part of that information. Right. So your claim construction, as you wrote it, is information that the system uses to send data to the first communication device used to log in. Correct. Seems overbroad. The area code is used, but that's not enough. You mean some bit of information that the communication system that you give the address to can then use to uniquely find you. Yes. And, in fact, that would perhaps be a better refinement of our construction. Because that is the point that we're getting to. It's information that is used to directly target that computer, to actually get the information down to that computer. But it doesn't have to have every single bit of the information in one place. It can use a lookup table. For example, an IP address uses a lookup table, which is exactly what happens with the job number in the CompuServe references. You have a job number that goes back to a lookup table that figures out then that that job is uniquely identified to a single computer, which is then the information is forwarded to that person so that this chat can, in fact, happen. It's exactly what's happening in the pattern. In the CompuServe system described in the Bowen references, does the job number correspond, and just correct this language if it's off, to a particular port that the dial-in line is connected to? It does. It actually corresponds to a port and to the computer. What we have in Bowen is actually a disclosure of both of the notion that the job number is given by the server when the user logs in. It goes on to say that the COM port is a part of that information, and that's at JA1439. The job number is temporary. It's not a permanent addressing information, right? It's permanent for the duration of the time that the people are in communication. It's temporary in the sense that if you log off of the system completely and you log back in, you may be given a new job number so that the computer can then find you. But it's permanent, and I use that in air quotes, I apologize, but it's permanent for the time that the communication is happening. Is there something in the patent, either in the claim or the spec, that tells us whether a temporary scheme in which all of this is true is enough to satisfy the claim so that the maintenance can be for the 10 minutes you're logged in or the two hours as opposed to some longer period when you're logging in and logging off? I think that the specification is not exceptionally clear on this, but the specification does contemplate the idea of people logging on and logging off, and that service records can be tied to that log in and that log off, which to me, at its broadest reasonable interpretation, does exactly what the Bowen and the Lichty references do and can assign that record at that time. I guess I don't understand your answer. Help me understand what you mean by it contemplates logging on and logging off. I think that if I understood Judge Toronto's question, what he was asking you was, does addressing information have to be information that still would refer you to the device even when you are logged off? Is that kind of right? I do not believe the specification requires that at all, and in fact, information is only sent to you if you are logged on, and there are portions of the specification that talk about that, that talk specifically about if logged on, you'll receive information. Forgive me one second while I locate it for you. Well, the claim uses that phrase twice. The phrase if logged in. Yes, and so right there, you're talking about only sending the information if the person is logged on. In fact, the portion of the claim that I had pointed your honors to to explain that all that's needed is to be able to route this information in the in response to portion of the claim, specifically contemplates that information will not be sent unless the user is logged in. And so in that sense, it doesn't have to be something that's permanent. It can be something that happens when the person logs in and it only exists during that ephemeral state. Well, but what about the other portion of the claim that says if the second user is not logged in, indicating to the first user the second user is not logged in. If you don't know anything about who the second user is except when they're logged in, how would you be able to notify them that he's not logged in? You don't have to know anything about the second user other than the fact that his name is not on a list that's logged in. That doesn't mean that there's a permanent record that's being compared to that says, oh, and here's the second user's information. Instead, it's kind of a binary. Either that person is logged in and I have the service record for them or I check the service record and one doesn't exist for that person and so therefore they are not logged in. And so in that sense, it doesn't have to be a permanent record unless or until they're logged in. So in your view, are the service records only created and then thereby recreated each time you log in? I think the specification is silent on whether or not they have to be permanent or ephemeral, and they can be either. And under the broadest reasonable interpretation, you have to go with the notion that it can be either. Can you clarify this for me? At the time the board made its decision, the patents, I guess both patents were not expired. That's correct. So it gets to use the broadest reasonable interpretation standard. Correct. They're both expired now. That's correct. So how do we proceed? Do we decide whether the board was correct under the broadest reasonable construction standard and if it was affirmed and then decide if it wasn't? Well, now it's a new ballgame and we get to decide what the claim construction is under the straight judicial claim construction standard? I don't think so. I think that because it was broadest reasonable construction, this is in our briefs as well, because it was broadest reasonable construction at the time of the initial reexamination as well as the time of the board's decision, what your honors are doing is deciding, as you said, did the board decide it correctly under the broadest reasonable construction? If they did, you affirm. If they did not because it's a pure matter of claim construction, you reverse. Because there are no other questions here as to whether or not the priority includes what is the broader definition. I don't know that that's right. I read the prosecution history and it looked to me like the examiner stopped. The prosecution history stopped when they concluded that Bowen didn't disclose addressing information. And what I don't see is any fact findings about the other claim elements being unequivocally present or undisputedly present in Bowen or not. The examiner looked at this and said, okay, Bowen doesn't disclose addressing information, therefore it can't anticipate, hence I'm going to allow the claim. I don't see how we could reverse as opposed to vacate and remand, even if I agree with you completely. I don't think that's true, respectfully. I believe that what happened with the examiner below, the examiner below found that in fact Bowen and Lichty did disclose all of the elements that had rendered the patent. And if you can't do it now, you can do it during rebuttal, if that will give you a little more time. But I'm going to restore your rebuttal time anyway. Thank you very much. So if you look at, for example, JA 06623, Issue 1. Hold on, hold on, let's get this. 6623. Can you tell me what am I looking at here? You're looking at a combination of paragraphs 6 and 7. What is the document? Because I don't have whatever the first page of the document is. I apologize. It goes from 3802 to 6623. So what is that? The document here is the declaration of, or institution rather, of reexamination. So this is the document wherein the examiner found that there was a substantial new question of patentability and instituted the reexamination. And in instituting the reexamination, the examiner found through Issue 1 that in fact all of the reasons that had been given for allowance of the claims in the first instance, so during prosecution, all of the reasons that that patent had been found patentable existed in the Bowen reference. And so therefore it included all of the things that made Bowen patentable. But this is just an initial analysis, and the only question is substantial likelihood. These aren't real findings that would then be binding. I believe that they are findings, though. Because it's to institute the process. It is, but in instituting the process, the examiner found that Bowen had all of the elements that had rendered the patent patentable in the first instance. The examiner then went on to say, however, in the examiner's opinion, there was a problem because of the addressing information and then found this new issue. I feel like Judge O'Malley has got to be right about this, because look at paragraph 7. Therefore, there is a substantial likelihood a reasonable examiner would consider the teaching of Bowen. That's the standard that's being used to assess whether there's a substantially new question of patentability, substantial likelihood of how a reasonable examiner would read it. That isn't the same thing as a finding of fact. It's saying there's a substantial likelihood a reasonable examiner would read all the elements of Bowen the following way. But that's a paragraph that follows a paragraph above, in which the examiner says, I find that these things are here, that these things are in the prior art. Worst humanly possible case scenario, you actually just remand with your proper construction, and I think that the record is pretty clear that they will find all of those elements. You emphasized the broadest reasonable construction throughout your brief. Do you think that the case turns on which construction is applied? Honestly, as our briefs show, broadest reasonable construction is the appropriate method to be using, the appropriate definition. In this case, broadest reasonable construction is the same thing as plain meaning, and so regardless of where you're looking, that's true. However, as we've indicated in our brief, we also believe that all of the elements are there even under the board's construction, because they neglected to understand that, in fact, the physical location was inherent by virtue of the fact that the information does reach the user through the job number and through the COM port, and that's also in all of our briefings. And the examiner, at the first instance, had actually found in an office action that AOL at the time, which is very similar to CompuServe and like our LICD reference, inherently disclosed a physical location by virtue of the fact that the information had to get to the physical computer. Okay. Thank you, Ms. Keefe. We'll restore your five minutes of rhythm. I appreciate it, Your Honor. Thank you. Mr. Breckenridge, Ms. Keefe went over by at least five minutes, so why don't you add five minutes to his time. Thank you, Your Honor. Someone's Breckenridge on behalf of Prime Minister. So what we have here now appears to be a question of how do we interpret PTAB's decision as opposed to the patent itself, because the question has become how do we interpret the phrase physical location in PTAB's decision. Physical location wasn't something you all advocated for below or ever mentioned or really weren't too excited about, were you? We weren't super excited about it. I'll concede that's probably not how we would have worded it, but it does actually appear in the prosecution history. In fact, you then had your district court claim construction proceeding in a different forum. I didn't see you pushing for physical location there either. Yes, you're right, Your Honor. We did not push for physical location there. That's some pretty hard words to have to come up and defend on appeal. I mean, I feel your pain. I read your briefs, and that wasn't what you wanted, but then you won with it, so it's kind of hard to walk away from it and admit that potentially it's not the right set of words. Well, on top of that, I'm not sure it's the wrong set of words. I just think it's a little bit imprecise on some level. Because it doesn't make any damn sense. What is the physical location? I don't even understand what that could possibly mean in terms of electrical engineering. The only thing I could think of was that maybe they thought that, for instance, in Lichty or Bowen, the port on the server, the host server, that someone might try to call that a virtual address, and so maybe PTAB thought that physical address would make it utterly clear that it meant the location of the device itself rather than a virtual address, and that could be arguably a port on a server. Though I would say that we would disagree that that's an address at all related to the device itself or of the device itself. But that's my only guess as to what PTAB was thinking there. Your real position is that the of the device does have to relate to the device rather than to the physical location. Right, it has to relate to the device itself, where it is physically located on the network, and so not geographically. Well, that's really quite different, right? Because the node on a network has the same address, whether the network as a whole is 100 feet in width or 10,000 miles in width. It's just a matter of nodes and edges on a graph, and it doesn't matter one width how long the edges are. That's right, Your Honor. So what could physical address, I mean it seems to me physical address, and in that sense I guess the question is thinking about the CompuServe system. Do you agree that the port has an open line of communication to the device sitting at the end of the twisted pair of copper lines? So long as there is a connection, yes. Right, so in network terms, the entire line connected to that port is the same thing as that node, namely the port. I would disagree. No more information is needed. If you connect to the node, you connect to what's down the line. Because it's one unique thing, it's an open line. Well, Your Honor, I would say that if you connect to the node, you connect indirectly to the device, but that's not addressing information of the device used to log in. And one of the things I'd like to... Explain why not. Well, because the... Because take me to job 3, which is a port, and at that port there's an open line to one device, and the line could be a block long or it could be 25 miles long, depending on where the server is. Well, the idea of the patent is to allow communications over a WAN, so that a wide area network... So for one thing, a plain old telephone service doesn't directly correlate to being a wide area network. But even assuming that a telephone service is a wide area network, the addressing information of the device would be the telephone number of the device. To the extent that there is a connection there, the whole concept of the patent is to allow the host server to then ultimately find the device, even when they're not connected. But here's what I'm trying to understand. In the CompuServe system, and I guess I want to understand how it works, if somebody says, connect me to job 13, which I gather you agree correlates to a particular port, in what way is any more information needed for the connection to be made to the device sitting at the distal end of the line connected, open line connected to that port? No more information is needed, Your Honor. So why is that not an address for that device while that line is open? Because it's not of the device, it's not endemic to the device, and the fact that the address is endemic to the device is how the patent actually ultimately works. Does this have everything then to do with this question we were discussing earlier about temporary versus permanent? What in the claim or the spec says that a system that meets all of the claim limitations for 30 minutes while first user is logged in is not covered by the claim just because when that person logs off later on, a different port might be used when the person re-logs in? Well, at column 21, lines 11 through 17, you'll see a 470 patent, which I believe would be at JA 96. Service records database portion in a client program? Right. These service records are into the service database. The service database thus keeps track of the location. What it's saying there is that the device has to log in, but it doesn't have to stay logged in. Once it logs in, then it gives the addressing information of the device itself so that once it later logs off or otherwise disconnects, and I would say there's a difference between logging in and connecting and staying connected. One can stay logged on to a service without being actually connected to it. So, for instance, an example would be I can be logged on to my Gmail through my phone, and then I can disconnect from Gmail, but I've given it my IP address, so then it can still then push email messages to my phone even though I'm no longer connected to Gmail. And that's something that doesn't exist with CompuServe or with AOL. Let me ask a stupid question, and it might come out stupidly, so just bear with me. There's a difference between static and dynamic IP addresses, right? So IP address for your computer, couldn't it change every single time you connect in so that you couldn't technically actually push stuff back to your device by virtue of knowing your IP address? Well, I don't know of any system in particular that would change the IP address every single time you log in. I guess that could happen as a matter of happenstance. Isn't that actually what it means? I truly don't exactly know all this or understand the technology, but my elementary understanding is that's what it means to have a dynamic IP address is that it's actually changing every time. Well, it does change, yeah. And it can change, but once it's changed, then you log in, you give it the new address, and then later on it can still find you. But it's not permanent anymore, right? So then when you're logged off, the IP address no longer correlates to your computer. And so then when you log back on, you've got a new IP address. So if somebody wanted to try to ping you when you weren't logged in, they couldn't necessarily get you with that IP address. Right, and I would say that that's just a device that doesn't work the way the patent wants it to work. So your notion would be that static IP addresses would meet the definition because they would be permanent, like my router may have a static IP address and therefore it's the same every time. But if my computer has a dynamic IP address, that wouldn't otherwise qualify as addressing information. No, I wouldn't say that, Your Honor. A dynamic IP address can still qualify as addressing information because even though it's dynamic, that doesn't mean it changes every 2 seconds or every 5 minutes, and so it might change later on based on logging on through another server or something like that. I don't know how it works, so explain to me. So every time you log on, if you have a dynamic IP address, it doesn't sort of give you a new IP address? How does that work? Well, it doesn't necessarily. So using my phone as an example, if I were to log on at the local Starbucks, then I would have to use a different IP address than when I log on at home because the Starbucks server would assign me an IP address. And so that's changed dynamically. But while I'm at the Starbucks, I can disconnect from Gmail or whatever, and I'm still using that same IP address, so Gmail can still push messages to me. And so that's a dynamic IP address, but that doesn't necessarily mean, or it doesn't mean at all, that the patent doesn't read on it. What I was having problems with was this notion of temporary versus permanent addressing information. What does it mean? Does it only have to be something that would allow your device to be reached while you are logged in, or does it have to continue to exist to identify your device even when you're not logged in? Because that's sort of the heart of what I'm trying to figure out. And you gave the example of IP addresses, but I think we live in a world where they're more often dynamic than static now. Agreed, yes. Likewise, a phone number could potentially be right. Like at my house, hey, we've got actually four or five separate computers, and technically they all kind of connect to the same phone number, so that wouldn't necessarily, that phone number wouldn't actually identify a device. It would identify my house, which has five devices. You follow what I'm saying? So I'm trying to think in terms of what I understand the real world to be, and this patent and reconcile in my mind what addressing information could possibly be in light of the definition that you're asking for. Right, well I would say that first of all, your phone number probably wouldn't be the phone number that corresponds to several different devices. Your computers at home, your four or five computers at home most likely use IP addresses, so that information can find them and not the phone number itself. And that's sort of what I was getting at when I was talking about if you conceived a telephone network as a wide area network, which it's not, the telephone number would then be the addressing information of the device. But when you're talking about wide area networks, it actually does tend to be an internet protocol or a network protocol type of situation. If you were writing on a clean slate and did not have the PTAB version of the construction, what would you say would be a construction that would make complete sense? I would probably say location of the device itself on the network. And I think that's what PTAB was getting at when it said physical location was to say the device itself, not some virtual location that's a port down the line somewhere. Because the patent does use that great location of the device and then it reinforces it by saying it's used by the user to log in. So it's trying to, the drafters though, not the most artful way possible in not using proper grammar, do go ahead and give a couple of times where they try and say, look, we're talking about the addressing information of the device itself so that the device can be found on the wide area network regardless of whether it's actually linked and connected through a telephone line, which PTAB did find as a matter of fact subject to substantial evidence review that both of the references or all three of the references cited by Facebook do require this hard telephone connection at all times. What is your answer to Judge Toronto's earlier question which is now that the patents have expired, should we apply something other than the broadest reasonable construction? Well, Your Honor, I think that it would be a mix. In review of PTAB, I would say that it's broadest reasonable construction, but then if the court did determine that it wanted to change the claim construction, which I don't think would require a remand, but if the court did determine that it should change claim construction, then the new determination of claim construction would be under the most reasonable construction because the patent has expired. More dumb technical questions. What do you mean location of the device on the network? I don't actually know that I fully understand what that would encompass in your mind. What would that apply to? IP address? Would it apply to IP address? It would apply to IP address, other network protocols. What does that mean? Well, there are other forms of determining where... Because you guys said MAC address as one of your examples. That doesn't make sense to me. MAC address is not a location on the network. In fact, I can't figure out for the life of me how you connect with the device knowing it's MAC address. That's like you knowing I have a tattoo on the back of my right shoulder. It doesn't help you find me necessarily. And I don't, by the way, have any tattoos, if you care. But, you know, you see the point. Like a MAC address is a serial number stamped on the computer. I don't know how you communicate with the device. Admittedly, I'm not sure. I don't recall where we used MAC address. I thought somebody did. Maybe it was them. It might have been them. I don't remember. I don't think a MAC address would be addressing information. But it could become one like the serial number if it were put into a routing database. Right, exactly. But it is not inherent. I mean, it's a slightly odd term, address. Right. That's behind MAC. But it is just, I gather, a serial number. That's my understanding. So your view would be IP address would be a means of identifying a device on the network to find its location of the device on the network? Right. But again, if the device, if it's a dynamic world and the device is in motion, you know, if you went from Starbucks home, IP address wouldn't necessarily correspond anymore. Right. So you would have, at that point, a non-infringing device at that point, at least. Well, I don't know that it would be non-infringing necessarily because the system has to store the addresses that it has at the time, but those addresses can be changed. And so once the address on the device changes, the device lets the system know, all right, my address has changed. And so I'd still consider that an infringing. See, that's why it's sort of, I've tried to wrap my head around the idea of this temporary versus permanent thing because all of those examples you gave me sort of work in a temporary versus permanent world. IP address, for as long as you are logged on, is going to be the same. It isn't going to vary. And so it absolutely is a unique identifier for your location on the network during that time. Right. And you don't end up in this weird scenario where if it's a dynamic world and it's changing, it does sometimes identify your location on the network and other times it doesn't. And so I don't, part of me, that's what I'm trying to figure out because the real problem for you, I mean I will tell you flat out, is that Bowen has something that feels an awful lot like a dynamic IP address. They just call it job number and it's only three digits. And so that's your problem, right? If we're talking about a number which only corresponds to your location while you are logged in, Bowen has something that looks and feels a lot like that. Well, Your Honor, I respectfully disagree because that job number isn't of the device itself and so therefore it doesn't allow you to find the device after the connection is broken. And so using... Can you come back to this? You pointed to column 21. What in column 21 or anywhere else  has to persist over some period of time when connections are broken? Well, in the claim, first of all, in claim 1 of the 470 patent, which is at page 106 of the joint appendix, in the third paragraph, at the end of that third paragraph, it says that it needs this information so that the first and second users, if logged in, can be found no matter where they are located. So they can change locations and then they can still be found. Where are you? I'm sorry, the end of the third paragraph? The where in clause. Where in the first and second associations are dynamically changeable by keeping track of client programs, respective communication devices, so the first and second users, if logged in, can be found no matter where they're located. But doesn't that just talk about... Because as I understood it, the patent contemplated not only wireless, but mobile device usage. And doesn't that just contemplate a logged-in user that could be in motion and therefore moving from one service area to another? Isn't that what's contemplated there? Well, I wouldn't expect that to be what's contemplated there because the whole patent talks in terms of... The whole claim talks in terms of network location in the spec. When it talks about real-time communications, it talks in terms of network location, whereas on the other hand, when it talks about asynchronous communications, when it starts talking about addressing information that's not of the device and that's not a network location. So you interpret this sentence, if the first and second users, if logged in, can be found no matter where they are located, to... To contemplate changing the location on the network and yet still being able to be found. And that would be the problem with saying the port is the address because you can reconnect while still logged in to a different port. Well, not exactly, Your Honor. It would be a matter of finding them... Admittedly, there would be some geographic nature to it because it would be where they are located, no matter where they are located physically, but the network location doesn't necessarily change. And so it would go to where they are located so that they can be found if logged in. I'm sorry. Yeah, that was my mistake. So it is, yeah, if their location changes on the network and the logged-in party then tells the system where they can be found on the network, the network can then find them because they're logged in no matter where they are on the network. Can you say that again? Yeah, I'm sorry. I got a little lost myself, and I apologize. That's okay. It's so that they can find you no matter where you're logged in on the network. And so if your network location changes, if you're logged in, it'll then tell the system, this is where I'm... this is my new network location, so then it can find you no matter where you're located because you're logged in. And you can keep changing your network location and the program will then tell the system where that is that you've changed. Right, so the only reason you're changing your network location is because you're changing your physical location, right? Yes, that is true. Though, admittedly, you theoretically could change your network location without changing your physical location. Suppose that we were to find the claim construction below problematic. What would you have us do? Facebook says, oh, well, then you can just reverse outright in our favor, and she points us to where the examiner rendered his findings about there being a substantial question of patentability. Is it your understanding that the parties have acquiesced or that the PTO has made findings with regard to the rest of the claim elements? Not at all, Your Honor. I would suggest as a last resort that this court, if it did determine that a new claim construction is required, that the last option would be to go ahead and remand it to the examiner so that the examiner could then review the rest of the patent because there are plenty of other places where the references don't read on the patent and the examiner just didn't evaluate those in the final decision, and that's all that really matters is the final decision. What the examiner said to open the reexamination isn't an actual factual finding subject to deference. But in any event, I would say that that's the last resort. What really should happen, in my opinion, if the court does decide to enter a new claim construction and enters a construction such as a location of the device itself on the network, then... The interview is as clear a bow in, and the AOL and Computer, they don't ever disclose that. Right, because Pete's had made the factual finding of requiring a telephone line connection, so it made the factual finding that the phone meets them halfway, doesn't even give them their phone number, and so the factual basis is there to still affirm on the new claim construction. Okay. Anything else? No, thanks. Thank you. Thank you. Can you give your rebuttal time? I'll start right where we left off with the idea that somehow the patent doesn't cover an open line communication, when in fact the patent absolutely says in the specification that it is meant to also include those types of open line communications. In column 5, between lines 34 and 42, we see that the patentee is saying that he wants to make absolutely certain that people understand that his system contemplates being used on data only, a personal computer with a modem. It's exactly what the Bowen system is, and so the specification tells us that the addressing information has to be broad enough to encompass a system just like Bowen, which is a personal computer attached with a modem to some form of a network, and that's why it's very interesting and complicated for me to understand why or how Bowen doesn't have exactly the same thing that an IP address is. It is a number by which a system can find another computer, but in and of itself, that IP address cannot be used all by itself to find a computer. It has to be used through a lookup table to then interpret which computer is currently assigned to that number and then route that information at that time because IP addresses are dynamic. They're not static. Can I ask you this? The clause that we spent some time just discussing, wherein the first and second associations are dynamically changeable, etc. Yes. Can you explain what that says? What it means? Your Honor, I believe that it's clear that the part that matters here of the wherein clause is if logged in can be found no matter where they are located. And so the notion here is if logged in, if there has been a login with an address assigned so that at that time, the computer, the server, can find where these people are. So it's the if logged in part that is what matters. Well, I guess I'm not sure that that's the only part that matters until I understand what the relation is between the first half of that wherein clause and the second half. So wherein the first and second associations are dynamically changeable. In other words, if I re-log in, because the first and second associations, don't forget, are limited to where the user has logged in. So the first association is made between a device the user has used to log in and the user's information. And so the fact that a user can re-log in at a new device is why those associations are dynamic and changeable. And they have to be able to log off of device number one, move over and log on to device number two and get a new record, a new way of identifying where they are and how they are. It goes on to say that those changeable addresses, you've just logged into a new thing, your old address is gone, you're given a new record, which shows now a new address associated with the device that you used to log in. And you can use that information, if logged in, and if given the information available to you to be able to address, to find that information, if logged in, you can find these people regardless of where they are. I don't know that I understand that with this where-in clause. Because the way in which they do it is by keeping track of the client programs at the respective communications devices. You make it sound like a person can log on to one computer, walk away and go log on to another one. Well, then that wouldn't make sense with this where-in clause. Because it says the way it's done is by keeping track of the client programs at the device. That has nothing to do with the individual user. That has to do with whether the program at the device allows for video conferencing capabilities versus whatever. So you're describing it like there's some person moving from one computer to another and they're keeping track or changing. And when they switch to the next computer, when that is logged in, that service record, then the system looks down to see what information is on that computer. What information does that computer have? Does that computer have video versus does it just have mail? And so that's the whole dynamic part. That's why you'll see nothing in the specification that says that this is a permanent association. Instead, whichever device is used to log on, then as it's given its own addressable information, whether it be through a lookup table or through a connected phone line, the server then looks down to see what information it has available and puts that into the service record that is then used throughout that login session to decide how the users can talk to each other. But it's just like Bowen. It's just like the job number. Do you happen to remember what the most informative parts of the spec are with respect to understanding that where in clause? Or is there no kind of one-to-one or three-to-one correlation? There's no one-to-one correlation, but I would say that the most helpful, although not directly correlative section, would be the section that begins at the bottom of column 21, line 64, through the end of the paragraph at the top of column 22 down to line 8, which talks about accessing address information from the directory service 66. We then also know from column 19 that address information can and does include email addresses and fax numbers. So we're back to where I started with all of this, which is that the address information has to be broad enough to encompass logical addresses like a fax number, like a phone number, like an email address, as well as exactly what was contemplated in Bowen, which is a job number which is used by a lookup table to find the respective users on either side of the communication. The only other thing that I wanted to mention was that I keep hearing someone talk about something that's endemic to the device itself. There's nothing in the specification that requires that address information be endemic to the device itself. Rather, the address information just has to ensure that communications can be routed from one device to another. Okay, I think we have your argument. Thank both counsels. The case is taken under submission. Appreciate it, Your Honor. Thank you very much. All rise. The Honorable Court will take a short recess. Thank you, Your Honor. Thank you, Your Honor. Thank you, Your Honor. Thank you, Your Honor. Give me his water. Right over that desk. Thank you. Thank you. Thank you, Your Honor. Thank you.